IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSA BAUZO VAZQUEZ, RAFAEL RAMOS MATOS and their conjugal partnership; ANGEL LUIS RAMOS BAUZO; YAEL RAMOS LOPEZ MARY ANN MATOS CHAPMAN<br>     PLAINTIFFS<br><br>VS.<br><br>CHRISTIAN OLEAS;<br>HILTON WORLDWIDE, INC.<br>COMPANIES A, B and C; INSURANCE COMPANIES X, Y and Z; JOHN DOE;<br> MARY MOE,<br>     DEFENDANTS | CIVIL NO.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

TO THE HONORABLE COURT:

COME NOW Plaintiffs, through the undersigned attorney and respectfully state and pray:

**I. JURISDICTION**

1. This Honorable Court has jurisdiction under 28 U.S.C. Sec. 1332, as all parties in either side of this litigation are of diverse citizenship and the amount in controversy exceeds $75,000.00. This wrongful death and negligence action stems from a vehicular collision, and arise under Puerto Rico Civil Code, Articles 1802 and 1803, 31 L.P.R.A. Sec. 5141 and 5142 <u>et seq</u>. Venue is proper under 28 U.S.C. Sec. 1391 (b).

**II. PARTIES**

2. Co-plaintiffs Rosa Bauzó Vázquez, Rafael Ramos Matos, Angel Luis Ramos Bauzó and Mary Ann Matos Chapman, are mother, father, brother and companion of deceased motorist Jorge Ramos Bauzó respectively. Co-plaintiff Yael Ramos López is a minor nephew of decedent represented by his father Co-plaintiff Angel Luis Ramos Bauzó.

1

3. Co-defendant Christian Oleas is a citizen and resident of California, rendering services as the Director of Beverage at El Conquistador Resort in Fajardo, Puerto Rico owned by Co-defendant Hilton Worldwide, Inc. (HWI).

4. Co-defendant Hilton Worldwide, Inc. (HWI) is a corporation organized under the laws of Delaware with principal place of business in Virginia.  HWI owns, operates and maintains El Conquistador Resort, a hotel marketed as a Waldorf Astoria Resort.

Upon information and belief, HWI may have layers of Delaware-organized limited liability companies having ultimately HWI as its sole member, and not citizens of Puerto Rico for diversity purposes.

5. Co-defendants companies  A, B and C are legal entities that caused or contributed to causing the damages to Plaintiffs.

6. Co-defendants companies X, Y and Z are insurance companies with insurance in full force and effect at the time of the facts.

7. Co-defendants Peter Poe and Mary Moe are third parties and/or Defendants that caused and/or contributed to causing damages to Plaintiffs.

8. All of the named Defendants are jointly and severally responsible to Plaintiffs for the damages caused to them. All Defendants fictitiously named herein will be correctly named once their identities are determined.

### III. FACTS

9. The present case involves a head to head vehicular collision at the Roberto Sánchez Vilella expressway in Northeast Puerto Rico commonly known as "Route 66".  This expressway comprises two two-lane roadways separated by a grass-covered median with state of the art signage and controls, and stretching about 20 kilometers between the Carolina and Río Grande municipalities.  Route 66's highway-paced traffic runs eastwards and westwards in the North and South roadways respectively in opposite directions.  The collision occurred in the eastbound South roadway at kilometer 12.9 within the Canóvanas municipality.

10. On May 9, 2014, prior to the time of the collision, Jorge Ramos Bauzó was proceeding eastwards through Route 66's South roadway driving his Hyundai Accent 2010 automobile carefully and cautiously in every respect, traveling at a reasonable rate of speed, with seat belt on and wholly without negligence.

11. On May 9, 2014, at the same time, Co-defendant Oleas was driving his BMW 128i 2012 vehicle negligently and while intoxicated. At the intersection of Road 187 and Route 66 in Río Grande, Co-defendant Oleas entered onto Route 66's eastbound two-lane South roadway in the wrong direction, driving westwards in disregard of the signs, a two police vehicles' hot pursuit behind him, and of the fact that the traffic ran eastwards in both lanes and opposite-directed vehicles at highway speed were tried to dodge him.

12. Co-defendant Oleas continued to travel westwards through Route 66 South roadway contrary to traffic for more than seven kilometers prior to the collision. Co-defendant Oleas knew or should have known that he was traveling in the wrong direction. Instead, Co-defendant Oleas drove the motor vehicle while intoxicated in the wrong way and at high and unlawful speed from kilometer 20 to 12.9 of Route 66 expressway. He had a clear opportunity to avoid an accident by turning the automobile around into safety, or to stop and find a way to the westbound North roadway, but this he failed to do.

13. On May 9, 2014 at about 12:28 a.m., in Route 66's South roadway at kilometer 12.9, intoxicated Co-defendant Oleas negligently, carelessly and with wanton recklessness proceeding in the wrong way, suddenly and without warning violently collided head to head with the front of the Jorge Ramos Bauzó vehicle demolishing it with great force and violence. Mr. Jorge Ramos Bauzó died about one and a half hour later as a result of the horrific injuries he sustained during the collision.

14. Decedent motorist Jorge Ramos Bauzó suffered calamitous bodily injuries, including but not limited to fractures, lacerations and contusions in his face, brain, thorax, abdomen, arms,

legs, and damaging wounds and destruction of the internal organs and musculoskeletal system, causing him agonizing pain and suffering and ultimately his appalling death.

15. Plaintiffs further allege that Co-defendant Oleas had the exclusive care and management of the BMW 128i 2012 vehicle at the time he carelessly and negligently and while intoxicated drove in the wrong way and at excessive speed for more than seven kilometers through the two-lane eastbound South roadway of the Route 66 expressway, and struck Jorge Ramos Bauzó's Hyundai Accent 2010 automobile head on. It was the duty of Co-defendant Oleas to use due care and operate the vehicle in a careful and prudent manner, so as not to cause death to Jorge Ramos Bauzó.

16. In the ordinary course of events, automobiles driving in a careful and prudent manner do not travel in the wrong direction of a two-lane South roadway of a major expressway at high speed for more than seven kilometers. Co-defendant Oleas would not have driven the automobile in the wrong way and while intoxicated had he been exercising due care in the management and control of the automobile. By virtue of the above facts, the doctrine of *res ipsa loquitur* is applicable to the Complaint.

17. Upon information and belief, the intoxication of Co-defendant Oleas occurred at the premises of HWI's El Conquistador Resort during the course and scope of his employment as Director of Beverages.

Co-defendant HWI was negligent in hiring an improper person to work as Director of Beverages involving an unreasonable harm to others. Co-defendant HWI failed to exercise reasonable care by placing an individual with known alcoholic and/or vehicular recklessness propensities or that should have been discovered by reasonable investigation in an employment position in which due to the circumstances as Director Beverages of El Conquistador Resort, with more than 20 alcohol-serving outlets, it should have been foreseeable that the hired individual posed a risk to others.

4

18. The proximate and only cause of the damages suffered by the Plaintiffs was negligence of the Defendants, for which they are jointly and severally responsible to Plaintiffs.

Decedent Jorge Ramos Bauzó did not act in such way to contribute to this own death, in that he acted as a reasonable and prudent motorist would, given the circumstances and information disseminated to her and his family.

HWI is vicariously liable for Co-defendant's Oleas conduct, and/or HWI's conduct constitutes negligence in hiring and retention of codefendant Oleas as the Director of Beverages of El Conquistador Resort.

19. Defendants committed acts of omission and commission, which collectively and severally constituted negligence and proximately caused the accident and resulting injuries, death, damages and expenses.

20. As a result of above-described collision, and the resulting lethal personal injuries, Jorge Ramos Bauzó's body was crushed, bruised, lacerated and he suffered excruciating pain and physical suffering before dying on site at around 1:30 am.

As a direct and proximate result of the acts or omissions of the Defendants, decedent Jorge Luis Ramos Bauzó suffered horrific and severe pain and suffering and ultimately death.

21. Co-plaintiffs Rafael Ramos and Rosa Bauzó are the sole surviving heirs at law of deceased Jorge Ramos Bauzó, as father and mother respectively. Accordingly, they inherit the correspondent cause of action for physical and emotional pain that the suffered.

22. Plaintiff Mary Ann Matos Chapman and Angel Luis Ramos Bauzó were notified of the events and personally saw the destroyed copse of Jorge Ramos Bauzó and his demolished car. Plaintiff Angel Luis Ramos Bauzó is the surviving brother, and Mary Ann Matos is the surviving fiancée.

23. At the time of this death, decedent Jorge Ramos Bauzó was 26 years of age and has a reasonable life expectancy of 80 years

5

24. As a direct and proximate result of the death of decedent, Plaintiffs have been deprived of decedent's future support, love, care, comfort, affection, society, presence, companionship, protection, and as to Mary Ann Matos Chapman deprived of consortium, and thus have suffered pecuniary loss also.

## FIRST CAUSE OF ACTION

25. The Plaintiffs incorporate and re-allege the above-stated paragraphs.

26. Plaintiffs sustained serious injury and emotional distress all as a direct result of joint negligence of the Defendants in this action.

27. Plaintiffs Rosa Bauzó Vázquez, Rafael Ramos Matos, Angel Luis Ramos Bauzó, Yael Ramos López and Mary Ann Matos Chapman suffered as a result of losing their respective loved son, brother, uncle and companion unnecessarily. Jorge Ramos Bauzo died in a violent traumatic and painful manner.

28. Co-Plaintiffs Rosa Bauzó Vázquez and Rafael Ramos Matos have a claim for damages due to their own pain and suffering reasonably calculated in $5,000,000.00 each. Co-plaintiffs Angel Luis Ramos Bauzo, Yael Ramos Lopez and Mary Ann Matos Chapman have a claim for damages due to their own pain and suffering reasonably calculated in $2,000,000 each. Co-plaintiff Mary Ann Matos Chapman as a fiancée, also claims compensation loss of consortium and pecuniary loss reasonably calculated in $1,000.000.00.

29. Co-defendants are jointly and severally liable for the expenses in handling all post-accident matters, plus funeral expenses.

## SECOND CAUSE OF ACTION

30. Plaintiffs incorporate and re-allege the above-stated paragraphs.

31. Co-plaintiffs also, Rosa Bauzó Vázquez and Rafael Ramos Matos inherit decedent's cause of action for pain and suffering, reasonably calculated in $2,000,000.

32. In sum, Plaintiffs respectfully request relief including but not limited to the following:

a. The mental anguish and emotional distress for the loss of Jorge Luis Ramos Bauzó per the above-stated;

b. The physical excruciating pain and mental anguishes suffered by decedent as a result of Defendants' negligence per the above-stated and

c. The loss of income and consortium, plus funeral and other costs incurred as a direct and proximate result of the collision, reasonably calculated in $1,000,000 per the above-stated.

d. The total loss of Jorge Ramos Bauzó's wrecked automobile amounting to $17,000.00.

33. Defendants must compensate Plaintiffs in $16,000,000.00 in compensatory damages, and $2,000,000.00 in punitive damages.

**WHEREFORE** plaintiffs respectfully pray that this Honorable Court enter judgment in their favor in the above-referred amounts, and award costs, attorneys' fees plus pre- and post-judgment interests.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 28 of July of 2014.

s/EMILIO F. SOLER
**EMILIO F. SOLER**
USDC PR NO. 205914
Cobian's Plaza Bldg. Suite 213
1607 Ponce de León Av.
San Juan, Puerto Rico 00909
Tel. / Fax. (787) 998-5343
Email: esoler@microjuris.com